BOLINDERS CO. *v.* UNITED STATES (No. 2081).[1]

CONSTRUCTION, SUBSECTION 6, PARAGRAPH J, SECTION IV, TARIFF ACT OF 1913, AND SECTIONS 4132, 4155, 4312, AND 4319, REVISED STATUTES—"REGISTERED" AND "ENROLLED" VESSELS.

---

[1] T. D. 38729.

While it is true that, in common understanding, the words "registered" and "enrolled" are sometimes used interchangeably, it appears that, in the laws of the United States, as applied to vessels, they do not mean the same thing. The "registered" vessels of sections 4132 and 4155, Revised Statutes, are not the "enrolled" vessels of sections 4312 and 4319. The provision of subsection 6, paragraph J, tariff act of 1913, according free entry to repairs for vessels "registered under the laws of the United States" extends only to vessels "registered" under sections 4132 and 4155, and does not include those "enrolled" under sections 4312 and 4319.

## United States Court of Customs Appeals, May 23, 1921.

APPEAL from Board of United States General Appraisers, G. A. 8399 (T. D. 38574).

[Affirmed.]

*Barnes, Chilvers & Halstead (Frank M. Halstead* of counsel) for appellant.
*Bert Hanson,* Assistant Attorney General, for the United States.

[Oral argument May 6, 1921, by Mr. Halstead and Mr. Hanson.]

Before SMITH, BARBER, and MARTIN, Judges; DE VRIES, Judge, participating in the decision by agreement of counsel.

BARBER, Judge, delivered the opinion of the court:

Subsection 6 of paragraph J of section 4 of the tariff act of 1913 reads as follows:

That all articles of foreign production needed for the repair of naval vessels of, or other vessels owned or used by, the United States and vessels now or hereafter registered under the laws of the United States may be withdrawn from bonded warehouses free of duty, under such regulations as the Secretary of the Treasury may prescribe.

The principal question here is, as stated in importer's brief, whether the provisions of said subsection 6—

apply only to vessels having at the time of the transaction a certificate of registry issued under sections 4132 and 4155 of the Revised Statutes, or do they apply also to vessels having an enrollment and license issued under section 4312 of the Revised Statutes, and which are entitled under the law to a certificate of registry?

The question depends in part upon the definition to be given to the word "registered" as used in said subsection, and in part upon the construction to be given the phrase "now or hereafter registered" as there used.

The merchandise, which is referred to as an engine and equipment, was denied free entry, because the vessel upon which it was used was not registered under sections 4132 and 4155 of the Revised Statutes, the collector being of opinion that registration thereunder was essential as a condition prerequisite to the free withdrawal from bond of the importation. The vessel was, however, enrolled under and by virtue of the provisions (it is assumed) of sections 4312 and 4319.

The Board of General Appraisers overruled the protest, and the importer appealed.

In support of his claim counsel for importer quotes from various dictionaries to the effect, and it is undoubtedly true, that in common understanding the words "registered," "enrolled," and "recorded" are sometimes used interchangeably. Considerable reliance

is also placed upon various provisions in chapter 2 of the Customs Regulations of 1915, relating to the classification and documentation of vessels. It is pointed out that therein documentation is treated by the customs authorities as embracing registration, enrollment, and license.

In substance, the Government argues that the terms "registered" and "enrolled" have always been used in the statutes to distinguish the classification of vessels with respect to the commerce in which they are permitted to engage, and that inasmuch as the word "registered" is employed in said subsection, it should not be held to include enrolled vessels, in which class the one upon which the imported merchandise here was placed, concededly is. The Government also urges that the legislative history of the subsection clearly indicates that the benefits thereof were intended only for vessels engaged in foreign commerce.

Turning to the Revised Statutes we find that title 48 thereof, relating to "Commerce and Navigation," contains nine chapters, in the first of which, entitled "Registry and Recording," are sections 4132 and 4135, already referred to, and numerous others defining the conditions under which vessels may be registered, the form and effect of registry and other relevant provisions.

Title 50, containing one chapter, relates to "Regulation of Vessels in Domestic Commerce," and therein is found section 4312, providing for enrollment of vessels and others relevant to that subject.

An examination of these titles, as well as of the amendments that have been made thereto, at once suggests that Congress has established a code of laws dealing respectively with "registered" on the one hand, and "enrolled" and "licensed" on the other.

Early legislative history, beginning before 1800, clearly indicates that this distinction has always existed, and consistently by Congress been adhered to. It is true that in various sections these words are employed in the same sentence, but so far as we are able to ascertain, from a careful reading thereof, they are not used synonymously, but clearly are used with a separate and different meaning, and in recognition of the fact that the two classes exist.

It is useless to specify, quote from, or comment upon all these sections. It may, however, be worthy of note to point out that vessels built within the United States and belonging wholly to citizens thereof, and certain other vessels therein specified not of alien ownership, are the only ones that may be registered under the provisions of title 48, while in title 50 it is provided that enrollment in certain cases may be granted to vessels owned wholly by aliens if resident within the United States. In addition to this, and it is conceded by importer, a registered vessel only can engage in foreign trade.

It is true that in the Customs Regulations the issuance of marine documents to vessels is treated under the general head of "Documentation," and there are provisions contained therein, as there are also in the statutes, common to both registration and enrollment. It is quite clear to us, however, that in the Customs Regulations the distinction between registered vessels as one class, and enrolled and licensed vessels as another, is always kept in mind.

This is well illustrated by article 9 of the chapter, which states—

The term "vessels of the United States" applies only to such as are documented either by license, by enrollment and license, or by certificate of registry.

In article 17 it is pointed out that registry is requisite for vessels of the United States engaged in the foreign trade, and in article 18 that enrolled or licensed vessels may be employed only in the coasting trade and fisheries.

Undoubtedly the existence of these statutory provisions, so long and still in force, caused the Supreme Court to use, as it did in The Mohawk (3 Wall., 566), decided in 1865, the following language:

We emphasize the word *enrollment*, because the registry of a vessel and the enrollment of a vessel are essentially different things, are provided for by different statutes, and are applicable to vessels engaged in different and distinct pursuits. * * *

The purpose of a register is to declare the nationality of a vessel engaged in trade with foreign nations, and to enable her to assert the nationality wherever found, The purpose of an enrollment is to evidence the national character of a vessel engaged in the coasting trade or home traffic, and to enable such vessel to procure a coasting license.

The distinction between these two classes of vessels is kept up throughout the legislation of Congress on the subject, and the word register is invariably used in reference to the one class, and enrollment in reference to the other.

There are two statutes in force making general provision for the subjects of registry and enrollment of vessels. One of them is the act of December 31, 1792, which applies exclusively to vessels engaged in foreign commerce and to their registry. and the other is the act of February 18, 1793, which relates to vessels engaged in the coasting trade and fisheries, and to their enrollment.

And again in St. Clair v. United States (154 U. S., 134), decided in 1894, to reiterate, in substance, the same doctrine:

The purpose of a register is to declare the nationality of a vessel engaged in trade with foreign nations, and to enable her to assert that nationality wherever found.

And still again in Huus v. New York & Porto Rico Steamship Co. (182 U. S., 392), decided in 1900, to repeat it in the following language:

Under the commercial and navigation laws of the United States merchant vessels are divisible into two classes: First, vessels registered pursuant to Revised Statutes, section 4131. These must be wholly owned, commanded, and officered by citizens of the United States, and are alone entitled to engage in foreign trade; and, second, vessels enrolled and licensed for coasting trade or fisheries (Rev. Stat., sec. 4311). These may not engage in foreign trade under penalty of forfeiture (Rev. Stat., sec. 4337). This class of vessels is also engaged in navigation upon the Great Lakes and the interior waters of the country—in other words, they are engaged in domestic instead of foreign trade.

We are not unmindful that there have been various amendments of the statutes in the two mentioned titles, but we find nothing that indicates any intention to abolish or overlook the distinction between "enrolled" and "registered" vessels.

We are clear, in view of the statutes and these judicial pronouncements, that in the interpretation of the subsection before us the provision for "registered" vessels must be given the same meaning as that so long attached thereto, and it follows that vessels which only are "enrolled" are not within the purview or entitled to the benefit of the subsection.

While this conclusion is determinative of the issue, and of the case, it may also be added that the legislative history of the subsection itself, beginning, as pointed out by counsel for the Government, at least as early as the tariff act of June, 1872 (17 Stat., 238), followed by subsequent provisions in the tariff acts of 1883, 1890, 1894, 1897, and 1909, reinforces the conclusion.

Indeed, the whole matter is well summed up in the opinion of the board in the present case, to the effect—

that a registered vessel and an enrolled vessel occupy a different status under the laws of the United States; they are not the same thing. An enrolled vessel is not provided for by subsection 6. The difference between an enrolled and a registered vessel was well known to Congress when it enacted subsection 6, and if it was intended that enrolled vessels should have the privilege of free entry under that section the word "enrolled" would have been included.

The judgment of the Board of General Appraisers is *affirmed*.